Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| MUNICIPIO AUTÓNOMO DE CAGUAS<br><br>Peticionario<br><br>V.<br><br>IRENE RODRÍGUEZ AGUAYO Y OTROS<br><br>Recurridos | KLCE202401190 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Caguas<br><br>Civil Núm.: CG2022CV00635<br><br>Sobre: Expropiación Forzosa |

Panel integrado por su presidenta, la Juez Brignoni Mártir, el Juez Candelaria Rosa, la Jueza Álvarez Esnard, y la Jueza Díaz Rivera

Álvarez Esnard, jueza ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 3 de diciembre de 2024.

Comparece ante nos el Municipio Autónomo de Caguas ("Peticionario" o "Municipio") mediante *Recurso de Certiorari* recibido el 30 de octubre de 2024. Por virtud de este, nos solicita que revoquemos una *Orden* dictada y notificada el 19 de septiembre de 2024 por el Tribunal de Primera Instancia, Sala Superior de Caguas ("foro primario" o "foro *a quo*"). Mediante el aludido dictamen, el foro primario declaró *No Ha Lugar* una moción de desistimiento presentada por el Peticionario y, en consecuencia, le ordenó consignar la cantidad de cuarenta y un mil quinientos dólares ($41,500.00) en un pleito sobre expropiación forzosa.

Por los fundamentos expuestos a continuación, **expedimos** el auto de *certiorari* y **revocamos** la resolución recurrida.

I.

El 3 de marzo de 2022, el Municipio instó *Petición* sobre Caguas. [1] Mediante este escrito, argumentó que el Municipio

---

[1] Véase, Apéndice del Recurso, págs. 1-4.

interesaba la adquisición de inmuebles que fueran declarados estorbos públicos, por un asunto de la salud y seguridad de la ciudadanía. Arguyó que la finalidad de estas adquisiciones era venderlas o utilizarlas para el desarrollo de proyectos municipales. Alegó que el inmueble en esta controversia fue declarado estorbo público mediante *Resolución* expedida el 9 de septiembre de 2019 por la directora de la Oficina del Permisos del Municipio. Por otra parte, el Peticionario indicó que el inmueble no tenía deuda con el Centro de Recaudación de Ingresos Municipales ("CRIM"), no obstante, sí existía una deuda de gastos necesarios y convenientes para eliminar la condición de estorbo público. De igual manera, esbozó que el inmueble poseía un gravamen hipotecario a favor de Housing Investment Corporation por la suma de nueve mil ochocientos dólares ($9,800.00) y que la propiedad se había sometido a una tasación, la cual valoró el inmueble en veinticuatro mil dólares ($24,000.00). Sin embargo, adujo que conforme a la sección 5(a) de la *Ley General de Expropiación Forzosa*, Ley de 12 de marzo de 1903, según enmendada, 32 LPRA sec. 2907, estimó el valor a consignarse en cuatro mil dólares ($4,000.00) como depósito al tribunal como justa compensación. A tono con lo anterior, solicitó que se dictara sentencia a favor del Municipio.

Posteriormente, el 2 de noviembre de 2022, el Peticionario presentó *Moción Anotación de Rebeldía y Solicitando Vista.*[2] En esta expresó que las partes con interés, a saber, la señora Irene Rodríguez Aguayo y Housing Investment Corporation fueron debidamente emplazados mediante edicto. Consta en el expediente que la señora Irene Rodríguez Aguayo y Housing Investment Corporation no presentaron alegación responsiva en el término dispuesto de treinta (30) días, por lo cual, solicitó el Peticionario la

---

[2] *Íd.*, pág. 6.

anotación de rebeldía para ambos.  Examinada la aludida petición, el foro primario procedió a anotarle la rebeldía a las partes con interés antes mencionadas.[3]

Transcurrido ciertos trámites procesales, el 2 de noviembre de 2023, el Municipio presentó *Moción en Solicitud de Conversión de Vista a una Sobre el Estado de los Procedimientos*.[4] En esta, esencialmente explicó que el Peticionario cambió de abogado, y que existían algunos asuntos por dilucidar entre el Municipio y su antigua representación legal.

Ulteriormente, el 28 de junio de 2024, el foro *a quo* emitió *Orden* en la cual expresó: "produzca tasación revisora en el término de 90 días".[5] Subsiguientemente, el 11 de septiembre de 2024, el Municipio presentó *Notificación de Desistimiento*.[6] En esta expresó que la Regla 58.8 de Procedimiento Civil, *infra*, permitía que la parte demandante en un caso de expropiación forzosa podía solicitar desistir del pleito siempre y cuando no se hubiera celebrado una vista para determinar la compensación del inmueble. Así pues, el Municipio justificó el desistimiento al amparo de Ley 114-2024,  la cual enmendó sustancialmente los trámites de expropiación forzosa luego de haber sido declarado el inmueble estorbo público.  Ante esto, solicitó el desistimiento sin perjuicio y la devolución de los fondos consignados en este caso.

No empece a lo anterior, el 19 de septiembre de 2024, el foro primario determinó lo siguiente: "No ha Lugar. Cumpla con la orden previa, la cual está próxima a vencer, so pena de imposición de sanciones".[7] Inconforme con este dictamen, el 19 de septiembre de 2024, el Municipio presentó escrito intitulado *Cumplimiento de*

---

[3] Véase SUMAC Entrada 25.
[4] Véase, Apéndice del Recurso, págs. 73-77.
[5] Véase, Apéndice del Recurso, pág. 78.
[6] *Íd.*, págs. 79-82.
[7] *Íd.*, pág. 83.

*Orden y Moción en Reconsideración a Notificación de Desistimiento.*[8] Mediante esta, anejó el informe de un tasador el cual fue realizado durante el mes de mayo de 2024 y reveló que la tasación del inmueble ascendía a sesenta y cinco mil quinientos dólares ($65,500.00). No obstante, el Municipio insistió en desistir del pleito conforme a los fundamentos que ya había expuesto en su primera moción a esos efectos. Evaluado este escrito, el 30 de septiembre de 2024, el foro primario emitió la siguiente expresión mediante *Orden*: "No ha lugar. El tribunal retendrá su jurisdicción, máxime en estos casos de alto interés público. Consigne la cantidad de $41,500.00 en el término de 30 días".[9]

Insatisfecho aun, el 30 de octubre de 2024, el Municipio recurrió ante nos mediante el recurso de epígrafe y formuló los siguientes señalamientos de error:

> Erró el TPI al impedir la notificación de desistimiento sin perjuicio del municipio, al amparo de la Regla 58.8(a) de las Reglas Procedimiento Civil [sic], 32 LPRA ap. V, R. 58.8(a).

> Erró el TPI al variar la interpretación jurisprudencial de la regla 39.1 de Procedimiento Civil sobre desistimiento voluntario, cuando esta es análoga a la Regla 58.8(a) de Procedimiento Civil en asuntos de expropiación de la propiedad.

> Erró el TPI al abusar de su limitada discreción, toda vez que no consideró que el municipio, como cuestión de derecho, solamente tenía que notificar su desistimiento sin perjuicio, ya que (1) no se había iniciado la vista para determinar la justa compensación, (2) el municipio no había adquirido el titulo o cualquier otro derecho sobre la propiedad, y (3) el municipio no había tomado posesión sobre la propiedad.

> Erró el TPI al abusar de su limitada discreción y realizar requerimientos adicionales no incorporados en la Ley General de Expropiación Forzosa, supra, la Ley Núm. 107-2020, supra, y la Regla 58.8(a) de las Reglas de Procedimiento Civil, supra.

> Erró el TPI, pues con su determinación de velar por el supuesto "alto interés público", tácitamente se convirtió en parte interesada respecto a los posibles efectos y consecuencias del desistimiento del municipio.

---

[8] *Íd.*, págs. 84-88.
[9] *Íd.*, pág. 134.

Acompañó su petición de escrito, con una *Moción en Auxilio de Jurisdicción*. A esos fines, solicitó, en auxilio de jurisdicción, que se paralizaran los procedimientos ante el foro primario y la orden que ordenó la consignación de cuarenta y un mil quinientos dólares ($41,500.00). El 31 de octubre de 2024, esta Curia emitió *Resolución*, en la que, entre otros asuntos, declaramos *No Ha Lugar* la solicitud en auxilio de jurisdicción. Además, le concedimos un término de diez (10) días a la parte Recurrida para que presentara su oposición al recurso. No obstante, transcurrido el término dispuesto para comparecer, ninguna de las partes recurridas presentó escrito alguno, por lo que procedemos a atender el recurso sin el beneficio de su comparecencia.

## II.

### *A. Certiorari*

"[U]na resolución u orden interlocutoria, distinto a una sentencia, es revisable mediante *certiorari* ante el Tribunal de Apelaciones". *JMG Investment v. ELA et al.*, 203 DPR 708, 718 (2019). "El recurso de *certiorari* es un mecanismo procesal de carácter discrecional que le permite a un tribunal de mayor jerarquía revisar las determinaciones del tribunal recurrido". *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194, 207 (2023) citando a *McNeil Healthcare v. Mun. de Las Piedras I*, 206 DPR 391, 403 (2021).

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R.52.1, establece que el recurso de *certiorari* solo se expedirá cuando se recurra de (1) una resolución u orden sobre remedios provisionales o *injunction* o (2) la denegatoria de una moción de carácter dispositivo. Por excepción, se puede recurrir también de: (1) decisiones sobre la admisibilidad de testigos o peritos; (2) asuntos de privilegios; (3) anotaciones de rebeldía; (4) en casos de relaciones de familia, o (4) en casos que revistan interés público. *Íd.* De igual

manera, puede revisarse "cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia". *Íd.* Los límites a la facultad revisora del foro apelativo tienen como propósito evitar la dilación que causaría la revisión judicial de controversias que pueden esperar a ser planteadas a través del recurso de apelación. *Scotiabank v. ZAF Corp. et al.*, 202 DPR 478, 486-487 (2019).

No obstante, la discreción del tribunal apelativo en este aspecto no opera en un vacío ni sin parámetros. *Mun. de Caguas v. JRO Construction*, 201 DPR 703, 712 (2019). La Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, señala los criterios que se deben tomar en consideración al evaluar si procede expedir un auto de *certiorari.* Véase, además, *BPPR v. SLG Gómez-López*, 213 DPR __ (2023), 2023 TSPR 145, resuelto el 19 de diciembre de 2023. Estos criterios son:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

El Tribunal Supremo ha expresado que la discreción es "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". *Mun. de Caguas v. JRO Construction, supra*, pág. 712. No obstante, "[a]l denegar la

expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión". 32 LPRA Ap. V, R. 52.1.

### B. El desistimiento en pleitos de expropiación forzosa

En nuestro ordenamiento jurídico, "el desistimiento se refiere a una declaración de voluntad que realiza una parte mediante la cual anuncia su deseo de abandonar la causa de acción que interpuso en el proceso que se encuentra pendiente". *Pagán Rodríguez v. Pres. Cams. Legs.*, 206 DPR 277, 285 (2021), citando a J. A. Cuevas Segarra, *Tratado de derecho procesal civil*, 2da ed., San Juan, Pubs. JTS, 2011, T. III, pág. 1138. Ahora bien, en casos de expropiación forzosa, los fundamentos para notificar un desistimiento están regulados en la Regla 58.8 de Procedimiento Civil, 32 LPRA Ap. V, R. 58.8, la cual establece lo siguiente:

(a) Como cuestión de derecho. — Si no se ha comenzado una vista para determinar la compensación que habrá de pagarse por una propiedad y la parte demandante no ha adquirido el título o cualquier otro derecho o no ha tomado posesión de la propiedad, la parte demandante podrá desistir del pleito en cuanto a esa propiedad sin una orden del tribunal, mediante la presentación de una notificación de desistimiento en la cual expondrá una descripción breve de la propiedad con respecto a la cual se desiste del pleito.

(b) Por estipulación. — Antes de registrarse una sentencia traspasando a la parte demandante el título o cualquier otro derecho en la propiedad a la posesión de la misma, se podrá desistir el pleito en todo o en parte sin orden del tribunal con respecto a cualquier propiedad mediante la presentación de una estipulación de desistimiento por la parte demandante y la parte demandada interesada; y si las partes así lo estipulan, el tribunal podrá dejar sin efecto cualquier sentencia que se haya registrado.

(c) Por orden del tribunal. — En cualquier tiempo antes de haberse determinado y pagado la compensación por una propiedad y previa moción y vista, el tribunal permitirá a la parte demandante desistir del pleito bajo los términos y las condiciones que estime procedentes con respecto a esa propiedad; Disponiéndose, que el tribunal no ordenará el archivo del pleito en cuanto a cualquier parte de la propiedad de la cual la parte demandante ha tomado posesión o en la cual la parte demandante ha

adquirido título u otro derecho, sin antes adjudicar una compensación justa por la posesión, el título u otros derechos así adquiridos.

(d) Efecto. — Excepto en los casos en que la notificación, estipulación u orden del tribunal disponga lo contrario, todo desistimiento será sin perjuicio

Ante esto, el Tribunal Supremo de Puerto Rico ha establecido que, una vez iniciado un proceso de expropiación forzosa por parte del Estado, este "no queda obligado a seguir el procedimiento ni a adquirir la propiedad por el hecho de haber comenzado el procedimiento". *Iriarte Miro v. Srio. de Hacienda*, 84 DPR 171, 178 (1961). En ese sentido, el Tribunal de Primera Instancia, podrá autorizar el desistimiento sin perjuicio siempre y cuando sea antes de la celebración de la vista para determinar compensación, antes de que el expropiante adquiriera el título o cualquier otro derecho y antes de que hubiera tomado posesión de la propiedad. R. Hernández Colón, *Práctica Jurídica de Puerto Rico: Derecho Procesal Civil*, 6.ª ed., San Juan, Ed. LexisNexis, 2017, pág. 620.

## III.

En el caso que nos ocupa, el Municipio esencialmente nos plantea que el foro primario incidió al no permitirle desistir de un pleito de expropiación forzosa incoado por este. El foro primario se negó a declarar *Ha Lugar* la notificación de desistimiento presentado por el Peticionario con el pretexto de que este caso era uno de alto interés público. No obstante, discrepamos de la apreciación del foro *a quo*. La regla 58.8 (a) de Procedimiento Civil, *supra*, es diáfana en cuanto las circunstancias en las cuales la parte que promueve un pleito de expropiación forzosa podrá requerir el desistimiento de dicho pleito, a saber: a) si no se ha celebrado la vista para determinar compensación; b) si el demandante no ha adquirido el título o cualquier otro derecho c) o si no ha adquirido posesión de la propiedad.

De un examen del expediente ante nuestra consideración, notamos que le Municipio cumple con las exigencias de la aludida Regla 58.8 (a) de Procedimiento Civil, *supra*. Es regla reiterada, que el Estado no está forzado a seguir con el procedimiento de expropiación forzosa por el mero hecho de haber comenzado el pleito. *Iriarte Miro v. Srio. de Hacienda, supra.* De igual manera, es preciso resaltar que conforme surge del expediente, en este caso no se llegó a celebrar una vista para determinar justa compensación tal y como lo requiere el procedimiento descrito en la Regla 58 de Procedimiento Civil, *supra,* ni en el Artículo 4.012 del Código Municipal de Puerto Rico, Ley Núm. 107-2020, 21 LPRA sec. 7636.

Cónsono con lo anterior, toda vez que el Municipio cumple con lo exigido por nuestro ordenamiento jurídico para desistir de una acción de expropiación forzosa y al este haber presentado, una notificación de desistimiento mediante la cual expuso una descripción breve de la propiedad con respecto a la cual se desiste, colegimos que el foro primario abusó de su discreción al no permitir dicho desistimiento. Por ende, corresponde revocar la orden en la cual el foro *a quo* retuvo su jurisdicción sobre la controversia y por tanto autorizar el desistimiento del caso de marras al Municipio.

IV.

Por los fundamentos antes expuesto, **expedimos** el auto de *certiorari* y **revocamos** la resolución recurrida.

**Notifíquese inmediatamente.**

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones